**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HARRYANTO TJITRA MOE,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

No. 12-70721

Agency No. A099-900-956

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2014[**]
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and BYBEE, Circuit Judges.

Harryanto Tjitra Moe (Moe) seeks review of the decision of the Board of

Immigration Appeals (BIA) to dismiss his appeal from an order of the Immigration

Judge (IJ), which denied his application for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA's conclusion that Moe did not establish asylum eligibility is supported by substantial evidence. *See* 8 U.S.C. §§ 1101(a)(42)(A) (defining "refugee"), 1158(b)(1) (requiring an asylum applicant to qualify as a "refugee"). We cannot say that a reasonable factfinder would be compelled to conclude that Moe's experiences amount to past persecution. *See, e.g., Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009).

Substantial evidence also supports the BIA's conclusion that Moe did not establish a well-founded fear of future persecution because he failed to show that he has a sufficient individualized risk of being singled out for persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180-81 (9th Cir. 2007) (en banc) (denying a petition for review where the applicant "provided nothing that suggests that her fears are distinct from those felt by all other ethnic Chinese . . . in Indonesia").

Moe has failed to establish eligibility for asylum, so he "also fails to satisfy the more stringent standard for withholding of removal." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 n.4 (9th Cir. 2014), *as amended* (citation omitted).

Because Moe did "not specifically claim that officials of the Indonesian government engage in, or turn a blind eye, to the torture of ethnic Chinese, much less . . . point to any evidence in the record that establishes such treatment," the BIA's decision to dismiss his appeal as to CAT relief is also supported by

substantial evidence. *See* 8 C.F.R. §§ 1208.18(a) (defining torture), 1208.16(c) (describing eligibility requirements under the CAT).

To prevail on his due process claim, Moe "must demonstrate error and substantial prejudice," which he has failed to do. *Gonzaga-Ortega v. Holder*, 736 F.3d 795, 804 (9th Cir. 2013), *as amended* (citation omitted).

**PETITION DENIED.**